Joseph GREMILLION, Petitioner-Appellant,

v.

C. Murray HENDERSON, Warden, Louisiana State Penitentiary, Respondent-Appellee.

No. 72–3404

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

April 12, 1973.

Joseph Gremillion, pro se.

William J. Guste, Jr., U. S. Atty., S. J. Dileo, Jr., Sp. Counsel, Baton Rouge, La., for respondent-appellee.

Before BELL, GODBOLD and INGRAHAM, Circuit Judges.

PER CURIAM:

Appellant, a Louisiana state prisoner serving a sentence for armed robbery, was denied federal habeas relief without an evidentiary hearing and now appeals. There was a full evidentiary hearing in the state habeas court and the district court ruled on the basis of the state record. We affirm on that basis and the appertaining law.

The only assignment of error here which requires discussion is the contention that the bill of information on which appellant pled guilty was invalid due to an alteration. The bill also charged a co-defendant. It appeared that after appellant's plea, the bill was in fact altered in connection with the plea of the co-defendant so as to charge a different and lesser crime as to the co-defendant. The result was that the bill no longer charged the appellant with a crime. The charge against him had, however, been recorded in the minutes of the court at the time of his plea. We hold that this alteration of the original bill does not rise to the level of a substantial federal question.[1]

Affirmed.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

1. The other assignments of error found to be without merit by the district court on the basis of the state record are:

1. Appellant's attorney waived formal arraignment without the knowledge or approval of the applicant;

2. his plea of guilty was entered by counsel, rather than by appellant personally;

3. his guilty plea was not knowingly or voluntarily entered because he did not personally enter the plea. Also he was not advised of the charges against him and of the consequences of the plea;

4. counsel did not represent the applicant's best interests because he offered the applicant $5,000 to plead guilty and clear his co-defendant; and

5. that his counsel was incompetent.